UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE HUNT, III,<br><br>        Plaintiff,<br><br>    v.<br><br>LINCOLN UNIFIED SCHOOL DISTRICT, SAN JOAQUIN COUNTY OFFICE OF EDUCATION, a special district,<br><br>        Defendants. | No.  2:14-cv-02815 KJM-CKD<br><br><br>ORDER |

This matter is before the court on plaintiff's motion to amend the complaint, ECF No. 12.  Plaintiff filed this motion in response to defendants' pending motion to dismiss, ECF No. 7.  Defendants have not filed an opposition or non-opposition, but address plaintiff's motion's deficiencies in their reply brief for their motion to dismiss.  ECF No. 13.  In the interest of judicial economy, the court considers both motions together and decides the matter without a hearing.  For the following reasons, plaintiff's motion to amend the complaint is GRANTED IN PART and defendants' motion to dismiss is DENIED AS MOOT.

I.      BACKGROUND

        Plaintiff Jessie Hunt commenced this action against the Lincoln Unified School District (LUSD) and the San Joaquin County Office of Education (SJCOE) on December 2, 2014.  Compl., ECF No. 1.  After meeting and conferring, the parties stipulated to grant plaintiff

1

1  leave to file an amended complaint.  ECF No. 4.  In that complaint, plaintiff alleges he suffers
2  from unspecified disabilities and pleads the following claims: 1) failure to provide free and
3  appropriate public education (FAPE); 2) violations of 42 U.S.C. § 1983 and; 3) racial
4  discrimination.  Am. Compl., ECF No. 6.  Defendants SJCOE and LUSD then filed a motion to
5  dismiss the action in its entirety on April 20, 2015, or in the alternative to dismiss SJCOE as a
6  defendant.  ECF No. 7.  As noted above, plaintiff did not oppose the motion, but instead filed the
7  instant motion to further amend.  Second Am. Compl., ECF No. 12 at 7-18.  The proposed
8  second amended complaint states identical claims, but with additional factual allegations in an
9  attempt to cure the deficiencies argued in defendants' motion to dismiss.  *Id*. at 2.  Defendants
10 replied.  ECF No. 13.

11 II.     LEGAL STANDARD

12       Federal Rule of Civil Procedure 15(a)(2) provides, "[t]he court should freely give
13 [leave to amend its pleading] when justice so requires," and the Ninth Circuit has "stressed Rule
14 15's policy of favoring amendments."  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149,
15 1160 (9th Cir. 1989).  "In exercising its discretion [regarding granting or denying leave to
16 amend] 'a court must be guided by the underlying purpose of Rule 15−to facilitate decision on
17 the merits rather than on the pleadings or technicalities.'"  *DCD Programs, Ltd. v. Leighton*, 833
18 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.
19 1981)).  However, "the liberality in granting leave to amend is subject to several limitations.
20 Leave need not be granted where the amendment of the complaint would cause the opposing
21 party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue
22 delay."  *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted).  Not all the factors merit
23 equal weight, and prejudice to the opposing party carries the greatest weight.  *Eminence Capital,*
24 *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Generally, additional claims result in
25 prejudice to a defendant when plaintiff has substantially delayed requesting leave to amend.  *See,*
26 *e.g.*, *United States v. Pend Oreille Public Utility Dist. No. 1*, 28 F.3d 1544, 1522−53 (9th Cir.
27 1994); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  In
28 addition, a court should look to whether the plaintiff has previously amended the complaint, as

"the district court's discretion is especially broad 'where the court has already given plaintiff one or more opportunities to amend [its] complaint.'" *Id.* at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

III.     ANALYSIS

    A.     Rule 15 Factors

Here, granting leave to amend will not cause undue delay. A scheduling conference has not yet been held, and discovery has not yet commenced. Plaintiff has attached a proposed second amended complaint to his motion, so it may be promptly filed if approved.

Second, there is no evidence plaintiff's motion to amend is sought in bad faith. Rather it is an attempt to address deficiencies raised by defendants' motion to dismiss. For example, plaintiff's proposed second amended complaint alleges specific disabilities and theories supporting his claims under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. (IDEA), ECF No. 12, ¶¶ 10, 20−31, correcting a deficiency alleged in defendants' motion to dismiss. The proposed amendment puts defendants on notice of more defined claims and factual allegations, and thus provides defendants with a better opportunity to raise defenses.

Most importantly, defendants would not be prejudiced should the court grant leave to amend because the case is at an early stage, plaintiff has not substantially delayed the action by requesting leave, and plaintiff has agreed to dismiss defendant SJCOE. ECF No. 12 at 1. *See Rose*, 893 F.2d at 1079; *see also Leighton*, 833 F.2d at 187−88. Courts regularly grant leave to amend where, as here, amendment would cure deficiencies in the original complaint. *See, e.g., Estate of Makarowsky ex rel. Gast. v. Lobdell*, 2012 WL 3877714, at *2 (W.D. Wash. 2012).

The court still must consider whether plaintiff's proposed amendments would be an "exercise in futility." Accordingly, the court will address each of plaintiff's claims as pled in the First Amended Complaint and attacked by defendants' motion, and whether leave to amend the claims as proposed in the Second Amended Complaint would be futile.

B.  Free Appropriate Public Education (FAPE) (Claim One)

Leave to amend plaintiff's FAPE claim would be futile if plaintiff did not exhaust his administrative remedies. "[W]hen determining whether the IDEA requires a plaintiff to exhaust, courts should start by looking at a complaint's prayer for relief and determine whether the relief sought is also available under the IDEA. If it is not, then it is likely that § 1415(*l*) does not require exhaustion in that case." *Payne v. Peninsula School Dist.*, 653 F.3d 863, 875 (9th Cir. 2011), *overruled in part by Albino v. Baca*, 747 F.3d 1162, 1165 (9th Cir. 2014). However, if the relief sought is predicated on the IDEA, meaning plaintiff actually seeks relief available under the IDEA, then exhaustion is clearly required. *Id.* "The IDEA's exhaustion provision applies only to "the filing of a civil action . . . seeking relief that is also available under [the IDEA]"; otherwise, the IDEA does not "restrict or limit the rights, procedures, and remedies" available under § 1983, the ADA, the Rehabilitation Act, or other federal laws. 20 U.S.C. § 1415(*l*). *Id.* at 878.

Here, because plaintiff's first claim rests on the IDEA, First Am. Compl. at 8; Second Am. Compl. at 6, administrative exhaustion is required. *See Cayla R. v. Morgan Hill Unified School Dist.*, 2012 WL 1038664, at *5 (N.D. Cal 2012) (holding that a claim based on failure to deny appropriate education requires administrative exhaustion under the IDEA). However in *Albino*, the Ninth Circuit held that "a plaintiff is not required to say anything about exhaustion in his complaint … [because it is an affirmative defense . . . [and only] in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." *Albino*, 747 F.3d at 1171. Thus, although plaintiff does not plead administrative exhaustion in either complaint, his claim does not fail as a matter of law because there is no such pleading requirement under *Albino*. Further, this is not one of the rare instances where it is clear from the face of the complaint that plaintiff has not met the exhaustion requirement. It is not an exercise in futility to grant leave to amend the FAPE claim. Defendants may plead plaintiff's failure to exhaust under the IDEA as an affirmative defense.

/////

C.     42 U.S.C. § 1983 (Claim Two)

Plaintiff's § 1983 claim is barred by the Eleventh Amendment and amendment is therefore futile.  The Eleventh Amendment of the United States Constitution bars suits brought against states in federal court when the state has not waived its sovereign immunity.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1402 (N.D. Cal. 1997), *aff'd*, 237 F.3d 1026 (9th Cir. 2001).  Because states are immune from suit under the Eleventh Amendment, suits against state agencies in which a judgment would be satisfied out of public funds are also prohibited.  *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 337 (1979).  School districts in California are considered to be state agencies for Eleventh Amendment purposes.  *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992).

It is true that in *Monroe v. Pape*, the Supreme Court held that § 1983 was not applicable to government entities.  *See* 365 U.S. 167, 187 (1961).  However, *Monroe* was overturned in part by *Monell v. Department of Social Services*, holding that a § 1983 claim may be brought against a municipality under certain exceptions.  *See* 436 U.S. 658, 700 (1978).  Under the *Monell* exception, municipalities are not liable based on a *respondeat superior* theory, but rather, based on official municipal policies or customs.  *Id.* at 691, 694.  As relevant to this case, school districts in California are not considered "municipalities" or "persons," but agencies of the state for § 1983 purposes.  *Belanger*, 963 F.2d at 253 ("California law treats public schooling as a statewide or central governmental function.  As discussed . . . the public schools of this state are a matter of statewide rather than local or municipal concern."); *see also Carmen*, 982 F. Supp. at 1403; *Hall v. City of Taft*, 47 Cal.2d 177, 577 (1956).  Thus, school districts in California enjoy sovereign immunity and cannot be found liable under § 1983.  *Belanger*, 963 F.2d at 253.

Here, plaintiff brings a § 1983 claim against LUSD, a California school district.  Even if plaintiff were to demonstrate LUSD had an official policy or long-standing custom that violated a right protected under § 1983, the suit is barred because LUSD enjoys Eleventh

1 | Amendment sovereign immunity as an agency of the state.  Accordingly, giving plaintiff leave to
2 | amend to add a § 1983 claim would be futile.

3 |        D.       Racial Discrimination (Claim Three)

4 |                 Plaintiff's third claim for racial discrimination states, "the Defendant districts have engaged in racial discrimination by reason of the fact that African American students are discipline[d] more harshly than students of other races."  First Am. Compl. ¶ 19, ECF No. 6; *see also* Second Am. Compl. at 15−16.  In the proposed Second Amended Complaint, plaintiff alleges the "Office of Civil Rights," without indicating whether this is a federal or state agency, has determined that defendant district has engaged in racial and economic discrimination because African American students are disproportionally disciplined more harshly than students of other races and are "turned down for special education services more frequently than other students."  ECF No. 12 at 15−16.  As pled, plaintiff has not adequately identified the nature of this claim or the constitutional or statutory basis for the claim.  Specifically, the court cannot determine if plaintiff is attempting to proceed with a separate § 1983 claim, or invoke a different civil rights statute.  If the claim is predicated on § 1983, then it is barred as previously discussed.

                "[A]lthough the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly."  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *see also Villalobos v. Bosenko*, 2014 WL 1612432, at *2 (E.D. Cal. 2014).  "Without . . . [some] constitutional or federal statutory basis . . . this court lacks subject matter jurisdiction altogether."  *Bowles v. Russell,* 551 U.S. 205, 212 (2007) ("Within the constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider.  Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them.") (citation omitted).

                The court grants plaintiff leave to plead a viable discrimination claim if plaintiff can allege facts demonstrating how the conditions complained of resulted in deprivation to his federal constitutional or statutory rights.  *Bosenko*, 2014 WL 1612432, at *3 (citing *Ellis v. Cassidy*, 625 F.2d 227 (9th  Cir. 1980).

IV.     CONCLUSION

        For the foregoing reasons, plaintiff's motion to amend the complaint is GRANTED in part, as to the FAPE and racial discrimination claims. Because the proposed Second Amended Complaint is deficient as noted above, plaintiff is directed to file a new Second Amended Complaint consistent with this order within 14 days. Defendants' motion to dismiss, ECF No. 7, is denied as moot.

        IT IS SO ORDERED.

DATED: August 5, 2015.

UNITED STATES DISTRICT JUDGE