1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JESSE HUNT III,[1]                           No.  2:14-cv-02815-KJM-CKD

12                  Plaintiff,

13          v.                                    ORDER

14   LINCOLN UNIFIED SCHOOL
     DISTRICT,
15
                    Defendant.
16

17

18          Plaintiff Jesse Hunt III filed this action against defendant Lincoln Unified School

19   District ("defendant" or "the District"),[2] asserting claims for denial of a free appropriate public

20   education ("FAPE") in violation of the Individuals with Disabilities Education Act ("IDEA"), 20

21   U.S.C. §§ 1400 *et seq.*, and discrimination on the basis of race.  Before the court is defendant's

22   unopposed motion to dismiss the second amended complaint.  ECF No. 25.  The court submitted

23   the matter as provided by Local Rule 230(g) and subsequently held a special status hearing on

---

24          [1] The court has corrected the spelling of plaintiff's name to reflect the spelling used in the
     second amended complaint.  *See* ECF No. 24.
25

26          [2] Plaintiff initially also brought claims against the San Joaquin County Office of
     Education ("SJCOE"), but abandoned those claims in the second amended complaint.  *See* ECF
27   No. 24; ECF No. 32 at 2.  Because there are no remaining claims against the SJCOE, the court
     has terminated it as a defendant in this action.
28

1

February 4, 2016, at which Michael Babitzke appeared for plaintiff and Rodney Levine appeared for defendant.  As explained below, the court GRANTS defendant's motion to dismiss.

I.      BACKGROUND

     A.      Statutory Background

          The IDEA requires all states receiving federal education funds to provide disabled children a FAPE.  20 U.S.C. § 1412(a)(1)(A).  The FAPE must be tailored to each student's unique needs through an individualized education program ("IEP").  *Id.* § 1401(9).  An IEP is a written statement for each disabled student that includes, for example, goals, measures of progress, and a statement of special education and supplementary aids and services the student will be provided.  *Id.* § 1414(d)(1)(A)(i).

          An assigned IEP Team[3] develops the content of the IEP and makes recommendations for the child's "placement," the location where the IEP will be carried out.  20 U.S.C. § 1414(d)(3); Cal. Educ. Code §§ 56342, 56342.1.  If school personnel decide to change a child's placement because of a violation of a code of student conduct, the IDEA requires the local educational agency, the parent, and relevant members of the IEP Team to review all relevant information in the student's file within ten days of the decision to change the child's placement, to determine "(I) if the conduct in question was caused by, or had a direct and substantial relationship to, the child's disability; or (II) if the conduct in question was the direct result of the local educational agency's failure to implement the IEP."  20 U.S.C. § 1415(k)(1)(E)(i).  If either of these subclauses is applicable to the child, the conduct is deemed a "manifestation" of the child's disability, *id.* § 1415(k)(1)(E)(ii), and the IEP Team generally must implement a behavioral intervention plan for the child or review and modify an existing plan, and return the child to the placement from which the child was removed.  *Id.* § 1415(k)(1)(F).

---

          [3] The IEP Team consists of the parents of the child, not less than one regular education teacher of the child, not less than one special education teacher or provider of the child, a representative of the local educational agency, an individual who can interpret the instructional implications of evaluation results, other individuals who have knowledge or special expertise regarding the child, and whenever appropriate, the child with a disability.  20 U.S.C. § 1414(d)(1)(B).

1    A party may request an administrative "due process hearing" before an

2    independent and impartial hearing officer to challenge a proposal or refusal to initiate or change

3    the identification, evaluation, or educational placement of a child; a manifestation determination;

4    or the provision of a FAPE.  *Id.* §§ 1415(b)(6), (f), (k)(3).  Violations of the IDEA can arise in

5    two situations: (1) a school district may not comply with the procedures outlined in the IDEA; or

6    (2) the IEP developed by the school district may not be "reasonably calculated to enable the child

7    to receive educational benefits."  *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*,

8    458 U.S. 176, 206–07 (1982); *M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 852 (9th Cir. 2014).

9    The IDEA requires a plaintiff to first exhaust his or her administrative remedies before filing a

10   civil action if the plaintiff is seeking relief that is also available under the IDEA.  20 U.S.C.

11   § 1415(l); *Cayla R. v. Morgan Hill Unified Sch. Dist.*, No. 5:10-04312, 2012 WL 1038664, at *3–

12   4 (N.D. Cal. Mar. 27, 2012).

13       B.    Procedural Background

14       Plaintiff filed the original complaint in this action on December 2, 2014.  ECF

15   No. 1.  As provided by the parties' stipulation, plaintiff filed a first amended complaint on April

16   8, 2015, asserting claims for denial of a FAPE in violation of the IDEA and 42 U.S.C. § 1983,

17   and racial discrimination.  ECF No. 6.  On April 29, 2015, the District and SJCOE filed a motion

18   to dismiss the first amended complaint.  ECF No. 7.  In response, on June 24, 2015, plaintiff filed

19   a motion to amend the complaint to address certain deficiencies raised in defendants' motion.

20   ECF No. 12.  On August 6, 2015, the court granted in part plaintiff's motion to amend and denied

21   as moot defendants' motion to dismiss.  ECF No. 20.  Specifically, the court denied leave to

22   amend plaintiff's § 1983 claim as futile, because such a claim is barred under the Eleventh

23   Amendment.  *Id.* at 5–6.  The court granted leave to amend plaintiff's racial discrimination claim

24   "if plaintiff [could] allege facts demonstrating how the conditions complained of resulted in

25   deprivation to his federal constitutional or statutory rights."  *Id.* at 6.  Finally, the court granted

26   leave to amend plaintiff's IDEA claim, rejecting defendants' argument that leave to amend would

27   be futile for failure to exhaust administrative remedies.  *Id.* at 4.  The court reasoned exhaustion is

28   an affirmative defense under *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014), and "this is not

3

1    one of the rare instances where it is clear from the face of the complaint that plaintiff has not met

2    the exhaustion requirement."  ECF No. 20 at 4.

3            On August 26, 2015, plaintiff filed the operative second amended complaint,

4    asserting claims for denial of a FAPE in violation of the IDEA, and racial discrimination in

5    violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq.*, and Section 504

6    of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*  ECF No. 24.  On September 9, 2015,

7    defendant moved to dismiss the second amended complaint under Federal Rules of Civil

8    Procedure 12(b)(1) and 12(b)(6), arguing the IDEA claim is time barred and the second amended

9    complaint fails to state a claim for racial discrimination.  ECF No. 25.  Plaintiff did not oppose

10   the motion or file a statement of non-opposition.  Although a party technically is not entitled to be

11   heard at oral argument if it has not timely filed an opposition to a motion, E.D. Cal. L.R. 230(c),

12   the court allowed counsel for plaintiff to argue at the February 4, 2016 special status hearing,

13   without objection.

14       C.      Factual Allegations of the Second Amended Complaint

15              In general, the second amended complaint alleges the School District has not

16   provided plaintiff a proper education "due to the inappropriate assessment, manifestation

17   determination, and placement of [plaintiff] . . . in violation of 20 USC 1414 [d][1]B-[d][1][D];

18   34 CFR 300.321; EC 56341[b], 56343[c]."  Second Am. Compl. ¶ 8, ECF No. 24 ("SAC").  More

19   specifically, the second amended complaint makes the following factual allegations.  In May

20   2011, the School District expelled plaintiff after he had a confrontation with the school librarian.

21   *See* SAC ¶¶ 17–20.  At the time of the expulsion, plaintiff, who is African American, was

22   diagnosed as Specific Learning Disabled and was being assessed for Emotional Disturbance and

23   Oppositional Defiance Disorder.  *Id.* ¶¶ 10, 35.  At that time, plaintiff had an IEP with a Behavior

24   Support Plan ("BSP") to be implemented in the event that his pre-classification Emotional

25   Disturbance disability manifested during periods of stress, confusion, or aggressive-

26   confrontational episodes.  *Id.* ¶ 11.  Plaintiff's conduct during the confrontation in May 2011 was

27   a manifestation of his pre-classification Emotional Disturbance disability, and the school librarian

28

4

did not follow plaintiff's IEP and BSP.  *Id.* ¶¶ 17–20.  However, the School District refused to hold a manifestation determination after the incident.  *Id.* ¶ 20.

The School District has not provided plaintiff with a new IEP since May 2011.  *Id.* ¶¶ 22, 24.  Plaintiff's current IEP and placement, which consist solely of being afforded a separate room to work by himself for a few hours, do not provide a FAPE.  *Id.* ¶¶ 24, 27.  When plaintiff's homeless parents requested the School District place plaintiff in a private school or alternative program that specializes in plaintiff's impairments, the District said it would not satisfy the request unless plaintiff's father agreed to drop other legal complaints against the District.  *Id.* ¶¶ 23–24, 29–30.  In addition, the School District failed to provide a written response to plaintiff's parents, as required by the IDEA.  *Id.* ¶ 24.  The second amended complaint states, "[plaintiff's] father did all of this [sic] things to exhaust his administrative remedies but to no avail as Lincoln Unified School District refused to provide proper educational services to [plaintiff]."  *Id.* ¶ 32.

With respect to the racial discrimination claim, the second amended complaint cites statistics provided by the U.S. and California Departments of Education's Offices of Civil Rights showing that African American students make up a disproportionately large percentage of the students recommended for expulsion in the School District.  *Id.* ¶¶ 36–37.  The second amended complaint alleges,

> Based on these statistics . . . it can be extrapolated that the Lincoln Unified School District systematically turned down African American students for Special Education services at a much higher frequency than other students and or that [it] developed a policy of systematically turning down students of low income for special education services which created a disparate impact on African American students in obtaining special education services.

*Id.* ¶ 36.

Plaintiff brings his racial discrimination claim under Title VI.  The heading of the claim also references Section 504 of the Rehabilitation Act, which protects against discrimination on the basis of disability, *see, e.g.*, 29 U.S.C. § 794, but does not otherwise connect the allegations to such a claim.  *Id.* at 7.  At hearing, plaintiff clarified that although the second amended complaint references the ADA and Section 504 in passing, *see* SAC at 2, 7, his claims

1    are brought only under the IDEA and Title VI.  The court therefore does not consider whether the

2    second amended complaint states a claim under the ADA or Section 504.

3            D.      <u>Supplemental Briefing and Status Hearing</u>

4            On January 22, 2016, the court ordered the parties to file supplemental briefing

5    addressing the court's jurisdiction over plaintiff's IDEA claim, because defendant's jurisdictional

6    argument was not clear from defendant's motion, and the court did not have the benefit of an

7    opposition.  ECF No. 28.  In plaintiff's brief on jurisdiction, plaintiff clarified his theory of relief,

8    characterizing the dispute as whether plaintiff would have been expelled and placed in his current

9    placement had defendant made the appropriate assessments.  ECF No. 31 at 2.  Plaintiff's brief

10    also incorporated additional allegations relating to plaintiff's pursuit of administrative remedies.

11    The declaration of plaintiff's father states he scheduled an administrative hearing appealing

12    plaintiff's expulsion in or around June 2011.  *Id.*; Hunt Decl. ¶ 3.  Plaintiff's father appealed the

13    decision to the School Board in July 2011, to the San Joaquin County Board of Education in or

14    about September 2011, and then to the Office of Administrative Hearing ("OAH") in October

15    2011.  ECF No. 31 at 2; Hunt Decl. ¶¶ 4–7.  Each administrative body upheld plaintiff's

16    expulsion.  ECF No. 31 at 2; Hunt Decl. ¶¶ 4–7.  In his declaration, plaintiff's father states, "I

17    have exhausted all administrative remedies that I know to be available and as a result we filed suit

18    in Federal Court."  Hunt Decl. ¶ 9.

19            On February 4, 2016, the court held a special Status on Jurisdiction and Pretrial

20    Scheduling Conference.  At hearing, the court asked plaintiff upon which subsection of the IDEA

21    plaintiff relies in bringing his claim.  The court asked because although the second amended

22    complaint alleges violations of several provisions of the IDEA and analogous provisions of

23    California state law—20 U.S.C. §§ 1414(d)(1)(B)–(d)(1)(D), 34 C.F.R. § 300.321, Cal. Educ.

24    Code §§ 56341(b), (c), *see* SAC ¶ 8—those provisions relate to the composition of the IEP Team,

25    rather than manifestation determinations or placements, and do not create an express private right

26    of action to challenge violations of the IDEA.  The only express private right of civil action

27    provided under the IDEA is for an appeal of a decision by the OAH under 20 U.S.C.

28

1   § 1415(i)(2)(A).[4]  In response to the court's question, plaintiff's counsel was unable to say

2   whether this action is an appeal under § 1415(i)(2)(A), or whether plaintiff is asserting some other

3   implied right of action, *see, e.g.*, *Morgan Hill Concerned Parents Assoc. v. Cal. Dep't of Educ.*,

4   No. 2:11-3471, 2013 WL 1326301, at *5–8 (E.D. Cal. Mar. 29, 2013) (Mueller, J.) (allowing

5   plaintiffs to pursue implied private right of action alleging California Department of Education's

6   systematic noncompliance with the IDEA).  Plaintiff's counsel explained he had not previously

7   brought an action under the IDEA and requested an additional two weeks to provide the court

8   with a response, which the court granted.  *See* ECF No. 35.

9          At hearing, the court also asked the parties what statute of limitations applies to

10  plaintiff's IDEA claim.  The parties agreed an appeal from an OAH decision must be filed within

11  ninety days of the date of the decision under 20 U.S.C. § 1415(i)(2)(B), here, October 2011, Hunt

12  Decl. ¶ 7.  *See* 20 U.S.C. § 1415(i)(2)(B) (allowing a party to bring a civil action within ninety

13  days from the date of the decision of the hearing action or in such time as state law allows for

14  such an action); Cal. Educ. Code § 56505(k) (allowing a party to bring a civil action within ninety

15  days of receipt of the hearing decision).

16         On February 23, 2016, plaintiff's counsel filed a letter with the court, as provided

17  at hearing, though untimely.  ECF No. 36.  In his letter, plaintiff's counsel did not identify any

18  provision of the IDEA on which plaintiff relies in bringing this action, as requested.  *Id.*

19  Plaintiff's counsel did state he was not able to locate any authority excusing plaintiff's having not

20  filed this action at the time of plaintiff's expulsion or immediately after he had pursued his

21  administrative remedies.  *Id.*

22

23  _____

24         [4] Section 1415(i)(2)(A) provides:

25         Any party aggrieved by the findings and decision made [in an
           administrative due process hearing] who does not have the right to
26         an appeal under subsection (g), and any party aggrieved by the
           findings and decision made under this subsection, shall have the
27         right to bring a civil action with respect to the complaint presented
           pursuant to this section, which action may be brought in any State
28         court of competent jurisdiction or in a district court of the United
           States, without regard to the amount in controversy.

1   II.      LEGAL STANDARD

2          A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the

3   court's subject matter jurisdiction.  *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036,

4   1039–40 (9th Cir. 2003).  The Federal Rules of Civil Procedure provide, "[i]f the court

5   determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

6   Fed. R. Civ. P. 12(h)(3).

7          Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

8   dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ.

9   P. 12(b)(6).  The motion may be granted only if the complaint "lacks a cognizable legal theory or

10  sufficient facts to support a cognizable legal theory."  *Hartmann v. Cal. Dep't of Corr. & Rehab.*,

11  707 F.3d 1114, 1122 (9th Cir. 2013) (citation omitted).

12         Although a complaint need contain only "a short and plain statement of the claim

13  showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to survive a motion to

14  dismiss, this short and plain statement "must contain sufficient factual matter . . . to 'state a claim

15  to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

16  *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more

17  than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

18  conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting

19  *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

20  for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

21  its judicial experience and common sense."  *Id.* at 679.

22          In making this context-specific evaluation, this court must construe the complaint

23  in the light most favorable to the plaintiff and accept as true the factual allegations of the

24  complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  This rule does not apply to "a legal

25  conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted*

26  *in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to

27  judicial notice" or to material attached to or incorporated by reference into the complaint,

28  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).  A court's

1   consideration of documents attached to a complaint, documents incorporated by reference in the

2   complaint, or matters of judicial notice will not convert a motion to dismiss into a motion for

3   summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of*

4   *Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  *Compare Van Buskirk v. Cable News*

5   *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond

6   pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6)

7   motion).

8   III.    IDEA CLAIM

9           As described above, plaintiff has not identified his theory for relief under the

10  IDEA, even after being given time to do so.  If the court construes plaintiff's claim as appealing

11  the 2011 OAH decision under § 1415(i)(2)(A), the claim is time barred.  A claim may be

12  dismissed under Rule 12(b)(6) where the facts and dates alleged in the complaint establish that

13  the claim is barred by the applicable statute of limitations.  *Von Saher v. Norton Simon Museum*

14  *of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *see Jones v. Bock*, 549 U.S. 199, 215

15  (2007).  As stated above, the IDEA imposes a ninety-day statute of limitations for appealing a

16  decision by the OAH, 20 U.S.C. § 1415(i)(2)(B), and California adopts the same ninety-day

17  limitations period for such appeals, Cal. Educ. Code § 56505(k).  Neither the IDEA nor California

18  law provides for any statutory exceptions to this ninety-day limitations period.  The statutory

19  exceptions established in 20 U.S.C. § 1415(f)(3)(D) and California Education Code section

20  56505(l) apply only to the two-year statute of limitations for requesting an impartial due process

21  hearing.

22          Here, plaintiff did not file this action until December 2, 2014, ECF No. 1, more

23  than three years after the OAH issued its decision in October 2011, *see* Hunt Decl. ¶ 7.

24  Moreover, plaintiff provided no explanation for the delay at hearing and plaintiff's counsel in his

25  letter to the court conceded he could not identify any authority providing a legal excuse for the

26  delay.  *See* ECF No. 36.  Accordingly, the second amended complaint and plaintiff's admissions

27  establish that an IDEA claim appealing the OAH decision is time barred under the ninety-day

28  statutory limitations period.

Plaintiff has identified no other theory for relief under the IDEA.  Even construing the second amended complaint in the light most favorable to the plaintiff and inferring a claim for an implied cause of action for a failure to provide FAPE after 2011, the second amended complaint fails to state a claim under the IDEA.  Plaintiff has clarified through the second amended complaint, plaintiff's January 27, 2016 filings, and plaintiff's representations at the February 4, 2016 hearing that plaintiff has not pursued any administrative remedies other than to challenge the 2011 expulsion.  As the court previously determined, administrative exhaustion is required because plaintiff's claim rests on the IDEA.  ECF No. 20 at 4 (citing *Cayla R.*, 2012 WL 1038664, at *5); *see* 20 U.S.C. § 1415(l).  Although the second amended complaint does not clarify what "things" plaintiff's father did to exhaust his administrative remedies, SAC ¶ 32, the father's declaration provides additional details, but only in describing the actions he took to challenge the 2011 expulsion; he does not mention pursuing any administrative remedies for claims arising after 2011.  ECF No. 31-1.

Although the court previously found amendment was not futile because plaintiff was not required to plead exhaustion under *Albino*, it is now clear from the face of the second amended complaint and plaintiff's admissions that plaintiff has failed to exhaust any other IDEA claims.  *See Albino*, 747 F.3d at 1169 (holding a defendant may successfully move to dismiss under Rule 12(b)(6) for a failure to exhaust only "in those rare cases where a failure to exhaust is clear from the face of the complaint").  The court DISMISSES plaintiff's IDEA claim under Rule 12(b)(6).

IV.     RACIAL DISCRIMINATION CLAIM

Plaintiff brings his racial discrimination claim under Title VI, which provides that "[n]o person . . . shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  To state a claim for a violation of Title VI, a plaintiff must plead that "(1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance."  *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by*

1    *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). Title VI creates no

2    private cause of action for disparate impact claims and prohibits only intentional discrimination.

3    *Alexander v. Sandoval*, 532 U.S. 275, 285 (2001); *Colwell v. Dep't of Health & Human Servs.*,

4    558 F.3d 1112, 1129 (9th Cir. 2009).

5          Here, the second amended complaint first cites statistics provided by the U.S. and

6    California Departments of Education and alleges "it can be extrapolated" from the statistics that

7    the district systematically turned down African American students for special education services

8    at a much higher rate than other students. SAC ¶ 36. The court finds these allegations even if

9    true do not state a viable claim, because Title VI creates no private cause of action for disparate

10    impact claims. *See Alexander*, 532 U.S. at 285.

11          The second amended complaint next alleges African American students make up a

12    disproportionately large percentage of the expulsions and suspensions in the School District.

13    SAC ¶ 37. But again, the second amended complaint does not specify how the School District

14    intentionally discriminated against plaintiff. The only discipline it references is plaintiff's 2011

15    expulsion, which falls outside of Title VI's two-year statute of limitations. *See Taylor v. Regents*

16    *of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (per curiam) (holding the statute of limitations

17    for claims brought under § 2000d is the "same state limitations period applicable to claims

18    brought under [42 U.S.C.] § 1983"); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (stating

19    § 1983 claims are governed by California's two-year statute of limitations for personal injury

20    actions). Because the court cannot discern a viable basis for plaintiff's Title VI claim, the claim

21    does not meet the basic pleading requirements of Rule 8(a)(2). The court DISMISSES plaintiff's

22    racial discrimination claim under Rule 12(b)(6).

23    V.      <u>LEAVE TO AMEND</u>

24          The court again considers whether to grant leave to amend. Federal Rule of Civil

25    Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when

26    justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring

27    amendments," *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In

28    exercising its discretion [regarding granting or denying leave to amend,] 'a court must be guided

1    by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the

2    pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)

3    (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "liberality in

4    granting leave to amend is subject to several limitations . . . . includ[ing] undue prejudice to the

5    opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, U.S. ex rel. v. Gen.*

6    *Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1058 (9th Cir. 2011) (internal citations and quotation

7    marks omitted).  In addition, a court should look to whether the plaintiff has previously amended

8    the complaint, as "the district court's discretion is especially broad 'where the court has already

9    given a plaintiff one or more opportunities to amend [its] complaint.'" *Ascon*, 866 F.2d at 1161

10   (quoting *Leighton*, 833 F.2d at 186 n.3).

11            The court finds granting plaintiff leave to amend the second amended complaint

12   would constitute an exercise in futility.  The court previously granted leave to amend the first

13   amended complaint, and plaintiff was unable to cure the identified deficiencies with respect to

14   plaintiff's racial discrimination claim.  Moreover, based on plaintiff's representations to the court,

15   plaintiff's claims appear to primarily arise from the 2011 expulsion and resulting placement, and

16   are therefore time barred under both the IDEA and Title VI.  Finally, plaintiff did not oppose

17   defendant's motion to dismiss and could not identify the provision of the IDEA upon which he is

18   bringing his claim, even after being given an additional two weeks to respond.  Under such

19   circumstances, leave to amend would be futile.

20   VI.    CONCLUSION

21            For the foregoing reasons, the court GRANTS defendant's motion to dismiss

22   without leave to amend and DISMISSES the action.

23            IT IS SO ORDERED.

24    DATED:  April 29, 2016.

25

26   _____

27   UNITED STATES DISTRICT JUDGE

28